IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHIRLEY A. ALBACH, et al.,

                Plaintiff,                Case No. 3:01 CV 7628

    -vs-

                                                  O R D E R

DOUGLAS S. HESS, M.D.

                Defendant.

KATZ, J.

        The Court will hold a bench trial in this matter on May 31, 2006, solely on the issue of whether the Plaintiffs timely filed their claims arising from the allegedly negligent performance of Plaintiff Shirley Albach's gastric bypass surgery. Now before the Court are the parties' several motions in limine (Doc. Nos. 105, 106, 107, 109, and 118), and the Plaintiffs' motion for leave to amend their exhibit list (Doc. No. 119). The latter motion is granted.

        The Court also grants the motions of Defendant, Douglas Hess, M.D., to exclude as irrelevant: (1) evidence or argument regarding the "discovery rule" (Doc. No. 105); (2) evidence or argument regarding Plaintiffs' theories of liability (Doc. No. 107); and (3) evidence or argument regarding other malpractice claims filed against Dr. Hess (Doc. No. 118).

        As to the first category of excluded evidence, the parties have agreed that Mrs. Albach discovered her injuries and the potential link to Defendant's actions more than one year before Plaintiffs sued. Therefore, the "discovery rule" is inapplicable to the statute of limitations inquiry, which now centers solely on when the physician-patient relationship for the relevant condition terminated. *See Frysinger v. Leech*, 512 N.E.2d 337, 341 (Ohio 1987). Likewise, Plaintiffs' theory

of why or how Dr. Hess was negligent in his performance of the surgery is irrelevant to the issue of when his doctor-patient relationship with Mrs. Albach terminated, as are claims that others have filed against him.

Defendant's motion to exclude argument or evidence regarding the Defendant's pre-surgical statements that Mrs. Albach could see other physicians for post-operative care (Doc. No. 106) is denied with leave to reinstate at trial. The Court finds that such statements are not categorically irrelevant, and that they are not unduly prejudicial. The Court recognizes that such statements are not controlling of the issue of when the parties' relationship as to the relevant treatment terminated, and believes itself capable of according the appropriate weight to any such statements.

The Court grants Plaintiffs' motion to exclude evidence or argument: (1) that Mrs. Albach cashed an insurance check that she had promised to Dr. Hess and did not pay a portion of Dr. Hess's bill, and (2) of a lawsuit that Mrs. Albach's sister filed against Dr. Hess (Doc. No. 109). The Court finds that whether Mrs. Albach paid the bill is irrelevant to the treatment Dr. Hess did or did not provide her during the relevant time period. Likewise, other lawsuits have no bearing on the doctor-patient relationship between these particular parties.

Plaintiffs also move to exclude as privileged, irrelevant, and unduly prejudicial evidence or argument regarding their statements to another doctor that they were very angry with Dr. Hess, had seen a lawyer, and were contemplating litigation against him (Doc. No. 109). The statement, disclosed to Mrs. Albach's treating physician, is not protected by the attorney-client privilege: "Voluntary disclosure of privileged communications is inconsistent with an assertion of the attorney-client privilege. Indeed, it is well-established that when a party reveals specific privileged

communications, that party waives the privilege as to all communications on the same subject matter." *United States v. Skeddle*, 989 F. Supp. 905, 908 (N.D. Ohio) (citations omitted) (citing *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996)).

The Court also finds the statement not unduly prejudicial under Federal Rule of Evidence 403, especially in this bench trial. However, the Court will defer ruling on the issue of whether the statement is relevant under Federal Rule of Evidence 401, preferring to hear argument at trial on that issue.

In sum, the Plaintiffs' motion to amend their exhibit list (Doc. No. 119) is granted. Defendant's motions to exclude "discovery rule" evidence, liability evidence, and other-lawsuit evidence (Doc. Nos. 105, 107, and 118) are granted. Defendant's motion to exclude his pre-surgical statements regarding other doctors (Doc. No. 106) is denied without prejudice. Plaintiffs' motion in limine (Doc. No. 109) is granted in part and taken under advisement in part, for final determination at trial, as stated herein.

IT IS SO ORDERED.

                                                   s/ *David A. Katz*
                                                   DAVID A. KATZ
                                                   U. S. DISTRICT JUDGE